UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

YVONNE A. HOPKINS,

       Plaintiff,

v.

MATTHEW C. MCCLINTON

       Defendant.

Civil Action No. 16cv5798-CCC-SCM

**OPINION AND ORDER**

[D.E. 13]

**STEVEN C. MANNION,** United States Magistrate Judge.

    This matter comes before the court upon Defendant Matthew McClinton's motion to dismiss for lack of personal jurisdiction and improper venue.[1] The Court has reviewed the parties' submissions and heard oral argument on June 1, 2017 and August 1, 2017. For the reasons stated below, the Court transfers this matter to the United States District Court for the Western District of Texas.[2]

---

[1] (ECF Docket Entry ("D.E.") 13, Motion). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] 28 U.S.C. §1406.

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

This is a breach of contract action brought on the grounds of diversity jurisdiction.[4] Plaintiff Yvonne Hopkins ("Ms. Hopkins") alleges that her former attorney, Defendant Matthew McClinton ("Mr. McClinton") inadequately represented her, as well as misrepresented her, in a separate breach of contract case she brought against her aunt in Texas.[5] Ms. Hopkins alleges that Mr. McClinton's actions and inactions led to the dismissal of her case, and that Mr. McClinton breached his fiduciary duty and committed fraud through misrepresenting her position.[6] Ms. Hopkins resided in New Jersey until she moved to Lampasas County, Texas in 2008.[7] Ms. Hopkins paid to construct a house adjacent to her aunt's home in Lampasas County with the intention of living there with her son who is paralyzed.[8] Ms. Hopkins and her aunt had a falling out and her aunt took possession of the house and ejected Ms. Hopkins from the premises.[9]

On July 2, 2009, Ms. Hopkins retained Mr. McClinton, a citizen of Texas to represent her in a suit against her aunt to recover monies paid to construct the house.[10] The suit was filed on August 12, 2009 in Lampasas County, Texas.[11]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Complaint).

[5] *Id.*

[6] *Id.*

[7] (D.E. 14, Opposition at 1).

[8] (D.E. 14 at 1; D.E. 15-3 at 5).

[9] (D.E. 14 at 2).

[10] (D.E. 1 at 2; D.E. 14 at 2).

[11] (D.E. 1 at 2; D.E. 13, Motion at 1; D.E. 14 at 1).

In 2010, Ms. Hopkins moved back to New Jersey.[12] The parties agree that Ms. Hopkins returned to Texas in about July 2012 for a deposition in the Texas litigation. Prior to then, Ms. Hopkins stated her intention to appear for trial.[13]

On April 11, 2012, Ms. Hopkins filed for personal bankruptcy *pro se* in the U.S. Bankruptcy Court for the District of New Jersey.[14] Trial in the Texas litigation had been scheduled for July 16, 2012, but was reportedly adjourned because of the bankruptcy filing.[15] Ms. Hopkins was then informed that the Texas litigation was an asset of the bankruptcy estate.[16] The Bankruptcy Court approved an order appointing Mr. McClinton as special counsel to the Bankruptcy Trustee on July 10, 2012.[17]

Notice of a potential settlement involving the Texas litigation ("the Litigation Settlement") was docketed in the Bankruptcy Court on October 22, 2012.[18] The next day, the Bankruptcy Court docket indicated that Ms. Hopkins had "advised that she will not appear at trial [in Texas] to prosecute the claim" against her aunt.[19] Ms. Hopkins denies making such a statement.[20]

---

[12] (D.E. 14 at 2).

[13] (D.E. 15-3 at 28-29; 16 at 2).

[14] (D.E. 13 at 2; 13-1 at 24).

[15] (D.E. 15-3 at 10).

[16] (D.E. 15-3 at 10).

[17] (D.E. 13-1 at 15; 15-3 at 23).

[18] (D.E. 13-1 at 17).

[19] (D.E. 13-1 at 17).

[20] (D.E. 14 at 3).

Nevertheless, the Texas Court noted that the attorneys in the case had reached an agreement, but "the plaintiff has refused it, won't sign it, has fired her lawyer, does not agree, will not accept it, and the attorneys have not shown up."[21] The Texas Court dismissed the suit in November 2012 for lack of prosecution.[22]

Ms. Hopkins objected to the Litigation Settlement in the Bankruptcy Court on November 13, 2012 and December 19, 2013.[23] The Bankruptcy Trustee then filed a substitute proceeding in Texas against Ms. Hopkins's aunt.[24] Mr. McClinton stated at oral argument that he was not involved in the substitute proceeding.

On January 13, 2014, the Bankruptcy Court approved the Litigation Settlement.[25] Subsequently, Ms. Hopkins brought this action on September 21, 2016 against Mr. McClinton for breach of contract, breach of fiduciary duty, and fraud.[26] Mr. McClinton moved to dismiss for improper venue on June 15, 2017.[27]

---

[21] (D.E. 15-3 at 15).

[22] (D.E. 14 at 3; D.E. 15-3 at 15-16).

[23] (D.E. 13-1 at 18, 20; D.E. 15-3 at 15).

[24] (D.E. 15-3 at 23-24).

[25] (D.E. 13-1 at 20).

[26] (D.E. 1, Complaint).

[27] (D.E. 13).

**II. DISCUSSION AND ANALYSIS**

    **A. § 636, Magistrate Judge Authority**

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge.[28] The decision to grant or deny an application for transfer is discretionary.[29] If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[30]

    **B. § 1391 Propriety of Venue in District of New Jersey**

Section 1391 governs venue for all civil actions brought in district courts of the United States.[31] Section 1391(b) governs where venue is proper and states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[28] 28 U.S.C. § 636(b)(1)(A). *See generally Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996).

[29] *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (internal citations omitted).

[30] *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (internal citations omitted).

[31] 28 U.S.C. § 1391(a)(1).

Venue is not proper in the District of New Jersey pursuant to § 1391(b)(1) because Mr. McClinton does not reside in this jurisdiction. Mr. McClinton resides in Texas.[32]

Also, venue is not proper in this District pursuant to § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey. The Agreement at issue in this case was entered in Texas. Additionally, all obligations under the agreement were intended to be performed in Texas.[33] As the events giving rise to the claim did not occur in New Jersey, venue on these claims is not proper in the District of New Jersey based on § 1391(b)(2).

Venue is not proper in this District pursuant to § 1391(b)(3) because this action may have been brought in the Western District of Texas as explained more fully below.

### C. § 1406, Venue Transfer to District of Texas

Because venue is not proper in the District of New Jersey, the Court considers whether transfer to the District of Texas is proper.[34] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[35] The Court must assess whether (1) the action "could have been brought" in the Western District of Texas; and (2) whether it is "in the interest of justice" to transfer the case there rather than dismiss it for improper venue.

---

[32] (D.E. 1).

[33] (D.E. 13).

[34] 28 U.S.C. § 1406

[35] 28 U.S.C. § 1406.

The Court finds that the action "could have been brought" in the Western District of Texas. A substantial part of the events that gave rise to the claim occurred there. Mr. McClinton's actions in representing Ms. Hopkins in the Texas litigation, which form the basis of the instant action, took place in Texas, and before a Texas court. The Court also finds that it is in the "interest of justice" to transfer the case.

The Court is mindful of the inconvenience transfer will impose on Ms. Hopkins, but the alternative is dismissal. Section 1406(a) was enacted to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[36] A transfer is appropriate here because it is likely that the Western District of Texas will have personal jurisdiction over Mr. McClinton and a substantial part of the events that gave rise to the claim occurred there. Rather than have Ms. Hopkins' complaint dismissed merely because of an erroneous calculation as to proper venue, this Court finds that it is in the interest of justice to transfer this case.

## III. CONCLUSION

This Court concludes that venue in the District of New Jersey is improper, and in the interest of justice, transfers this case to the Western District of Texas. The motion to dismiss is moot. An appropriate Order follows:

---

[36] *Eviner v. Eng*, no. 12-2245 (KM) (MCA), 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (internal citations omitted).

7

# ORDER

**IT IS** on this Thursday, October 05, 2017,

1. **ORDERED** that the Clerk of the Court shall transfer this action to the United States District Court for the Western District of Texas; and it is further

2. **ORDERED** that Defendant's motion to dismiss is terminated as moot;[37] and it is further

3. **ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff Hopkins.

*Steve C. Mannion* (signature)
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/5/2017 10:29:55 AM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File

Ms. Yvonne A. Hopkins
1502 Hampton Lane
Iselin, NJ 08834

---

[37] (D.E. 13).